UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MISTY Z.,

          Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

Case No. C20-5273-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in discounting her testimony and the opinion of examining psychologist Kimberly Wheeler, Ph.D. (Dkt. # 26 at 1.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.    BACKGROUND

Plaintiff was born in 1977, has a high school diploma, and has worked as a cashier, wheat/rye harvester, and housekeeper. AR at 1176, 1338, 1464. Plaintiff was last gainfully employed in 2007. *Id.* at 1338.

ORDER - 1

In September 2016, Plaintiff applied for benefits, alleging disability as of September 1, 2011. AR at 1319-27. Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing. *Id*. at 1222-25, 1229-35. After the ALJ conducted a hearing in October 2018 (*id*. at 1170-91), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 29-44.

Utilizing the five-step disability evaluation process,[1] the ALJ found:

Step one: Plaintiff has not engaged in substantial gainful activity since the application date.

Step two: Plaintiff has the following severe impairments: epilepsy, degenerative disc disease, anxiety, major depressive disorder, post-traumatic stress disorder, and schizophrenia.

Step three: These impairments do not meet or equal the requirements of a listed impairment.[2]

Residual Functional Capacity: Plaintiff can perform light work with additional limitations: she can occasionally lift/carry 20 pounds, and frequently lift/carry 10 pounds. She can stand/walk six hours in an eight-hour workday, and sit six hours of an eight-hour workday. She cannot climb ladders/ropes/scaffolds. She can occasionally climb ramps/stairs, balance, stoop, kneel, crouch, and crawl. She should have no more than occasional exposure to temperature extremes, vibration, fumes, dusts, gases, odors, and poorly ventilated areas. She cannot work around unprotected heights or dangerous machinery. She should work with no more than a moderate level of noise. She is limited to frequent handling and fingering, bilaterally. She is limited to simple, routine tasks in a static work environment. She is limited to occasional contact with the public, co-workers, and supervisors.

Step four: Plaintiff has no past relevant work.

Step five: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR at 29-44.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the

---

[1] 20 C.F.R. § 416.920.
[2] 20 C.F.R. Part 404, Subpart P, Appendix 1.

ORDER - 2

Commissioner's final decision. AR at 1-7. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV.   DISCUSSION

**A.   The ALJ Did Not Err in Discounting Plaintiff's Testimony**

The ALJ discounted Plaintiff's subjective allegations because: (1) her physical conditions were well controlled with conservative treatment; (2) Plaintiff testified that she experienced

1  mental symptoms that she did not report to her providers; and (3) the record shows improvement
2  in Plaintiff's mental symptoms with medication and an increase in her activity level. AR at
3  35-43. Plaintiff contends that the ALJ's reasons are not clear and convincing, as required in the
4  Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

5  As to the ALJ's first reason, Plaintiff disputes that her pain medication constitutes
6  "conservative treatment," because she was prescribed *inter alia* oxycodone, which is a Schedule
7  II drug. (*See* Dkt. # 28 at 8-9.) Even if the ALJ erred in characterizing Plaintiff's medications as
8  "conservative," the record nonetheless supports the ALJ's finding that Plaintiff's pain improved
9  with medication. *See, e.g.*, AR at 1519 (describing Plaintiff's medications as "adequate" for her
10 pain needs), 1521 ("She uses the oxycodone to help her do her activities of daily [living]
11 including camping[,] housework and shopping. The medicine works well for her and she's had
12 no side effects."), 1524 ("She feels like [her narcotic] medicine was redirected daily living
13 including going rafting and taking care of her children and grandchildren[.]"), 1730 ("[Plaintiff's
14 pain symptoms] are well controlled with current medication dose."), 1740 (describing Plaintiff's
15 stable dose of oxycodone: "She is able to enjoy a decent quality of life. She feels decreasing her
16 dose would decrease her quality of living and ability to perform ADLs."), 1744 (Plaintiff reports
17 that without pain medication her pain levels are usually 4-6/10, and that with medication her pain
18 is at a 2-3/10). This is a valid reason to discount Plaintiff's testimony. *See Wellington v.*
19 *Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017) ("[E]vidence of medical treatment successfully
20 relieving symptoms can undermine a claim of disability.").

21 With regard to the ALJ's second reason, the ALJ noted that although Plaintiff testified
22 that she was unable to leave her home due to anxiety and fear of others, she did not regularly
23 report such symptoms to her providers and instead reported an ability to participate in social

ORDER - 4

1  activities such as rafting and camping. AR at 43. Plaintiff did not challenge this line of the ALJ's
2  reasoning, and it supports the ALJ's assessment of Plaintiff's testimony. *See Greger v. Barnhart*,
3  464 F.3d 968, 972 (9th Cir. 2006) (ALJ may consider a claimant's inconsistent or non-existent
4  reporting of symptoms).

5        Lastly, the ALJ also cited evidence that Plaintiff's mental symptoms improved with
6  treatment and an increase in activity. AR at 43 (referencing exhibits including *id*. at 1517 ("Her
7  depression is resolved at this point."), 1519 ("Lamictal appears to be working for her depressive
8  symptoms"), 1521 ("She's been taking propranolol for anxiousness. She finds this works well for
9  stage fright situations and for social anxiety. She also has a history of major depression and
10 mood instability she's been on Lamictal for this i[t] seems to work well for her."), 1528 ("We'll
11 continue her alprazolam appears to be working well for her generalized anxiety"), 1726 (normal
12 mental status examination), 1730 (Plaintiff reports her pain and anxiety symptoms are "well
13 controlled with current medication dose"), 1733 (normal mental status examination), 1740
14 (normal mental status examination and Plaintiff reports that medication "controls her anxiety
15 well"), 1744 (Plaintiff describes her anxiety as "'annoying'" but "[t]olerable" with medication),
16 1747 (normal mental status examination), 1767 (normal mental status examination), 1793
17 (normal mental status examination), 1824 (Plaintiff reports a decrease in depression "due to
18 being more active in the home cleaning and cooking").

19       Although Plaintiff contends that the ALJ cherry-picked evidence that supports his
20 conclusion, these treatment notes amount to substantial evidence, and Plaintiff has not shown
21 that the ALJ ignored the context of the record. Accordingly, the Court finds that this line of
22 reasoning supports the ALJ's assessment of Plaintiff's testimony. *See Morgan v. Comm'r of*
23 *Social Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999) (contrary to plaintiff's claims of lack

of improvement, physician reported symptoms improved with use of medication). Because the ALJ provided multiple clear and convincing reasons to discount Plaintiff's subjective testimony, the Court affirms this portion of the ALJ's decision.

### B. The ALJ Did Not Err in Discounting Dr. Wheeler's Opinion

Dr. Wheeler examined Plaintiff in December 2016 and completed a DSHS form opinion describing Plaintiff's symptoms and limitations. AR at 1596-1600. The ALJ summarized Dr. Wheeler's opinion and explained that he gave it little weight because the examination was performed for purposes of determining state benefits eligibility and used different standards than the Social Security Administration uses and because Plaintiff's presentation to Dr. Wheeler was inconsistent with her presentation to her treating providers. *Id*. at 41-42.

Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).[3] The Court agrees with Plaintiff that the ALJ's first reason for discounting Dr. Wheeler's opinion is not legitimate because the ALJ did not identify any distinctions in the standards used by Dr. Wheeler and none is readily apparent from a review of the opinion. The purpose for which Dr. Wheeler examined Plaintiff is not, without more, a legitimate reason to discount Dr. Wheeler's opinion. *See Reddick v. Chater*, 157 F.3d 715, 726 (9th Cir. 1998) ("[I]n the absence of other evidence to undermine the credibility of a medical report, the purpose for which the report was obtained does not provide a legitimate basis for rejecting it.").

But the ALJ's other reason to discount Dr. Wheeler's opinion is specific and legitimate,

---

[3] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 6

which renders harmless any error in the other line of reasoning. *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008). As discussed *supra*, Plaintiff regularly reported that her mental symptoms were well controlled by medication and most of her mental status examinations were normal. *See* AR at 1517, 1519, 1521, 1528, 1726, 1730, 1733, 1740, 1744, 1747, 1767, 1793, 1824. This evidence is inconsistent with Dr. Wheeler's description of Plaintiff's symptoms, perhaps because Dr. Wheeler examined Plaintiff at a time when she was not taking medication for her mental symptoms. *See id.* at 1596. Because Dr. Wheeler's opinion does not reflect Plaintiff's improvement with treatment, as evidenced in the treatment notes inconsistent with Dr. Wheeler's opinion, the ALJ reasonably discounted Dr. Wheeler's opinion. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies between the opinion and the medical record).

## V.      CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED,** and this case is **DISMISSED** with prejudice.

Dated this 5th day of February, 2021.

MICHELLE L. PETERSON
United States Magistrate Judge